[Civ. No. 58419. Second Dist., Div. Four. Jan. 27, 1981.]

CHARLES O. COWLES, Plaintiff and Appellant, v.
CARIN ANN CARTER et al., Defendants and Respondents.

COUNSEL

Duwain H. Herring for Plaintiff and Appellant.

Jerome P. Fleischman for Defendants and Respondents.

OPINION

**LAIDIG, J.*—**This is an appeal from a judgment of dismissal following the sustaining, without leave to amend, of a demurrer to a complaint for malicious prosecution of civil proceedings.

The action by appellant Charles O. Cowles was for damages for alleged malicious prosecution of a prior civil action. The prior proceeding was filed in 1974 in the Superior Court of Los Angeles County, entitled "Carin Ann Carter and Howard Carter v. Charles O. Cowles, Jr., Charles Cowles, Sr., and Marion Cowles." Appellant stated that he was the same person designated in the prior action as Charles Cowles, Sr.

Appellant alleged that the prior civil action charged him and others with kidnaping, child stealing, intentional infliction of emotional distress, and negligent infliction of emotional distress; that such action was instituted and prosecuted without probable cause in that the defendants (plaintiffs in the previous cause) knew that the claims against him were false or that they did not have sufficient facts to justify an honest and reasonable belief that any grounds existed for such action; that in filing said action the defendants were motivated by ill will, hatred, and spite; that on September 29, 1977, judgment in the previous civil action was rendered in favor of plaintiff herein on all causes of action therein contained; that plaintiff suffered both general and special damages as a result of the wrongful conduct of the defendants.

Respondents demurred on several grounds including the contention that the complaint failed to state facts sufficient to constitute a cause of action when considered in conjunction with facts of which the court was required to take judicial notice. Upon submission of the demurrer, the court below ruled that it would take judicial notice of the prior superior court case and it sustained the demurrer without leave to amend

---

*Assigned by the Chairperson of the Judicial Council.

stating: ██ "The jury verdict in the judicially noticed action conclusively lays to rest the issue of probable cause in the absence of a showing of fraud. See *Black* vs. *Knight* (1919) 44 CA 756, 770. Plaintiff has confused probable cause with legal cause in arguing that the judgment N.O.V. is the determination of this element of malicious prosecution. Plaintiff, in arguing in opposition to the demurrer has not suggested that any fraud was involved in the jury verdict and therefore, this court sees no reason to give plaintiff leave to amend. . . ."

The file in the previous action disclosed that on July 22, 1977, a motion for nonsuit was denied and that on July 27, 1977, there was a jury verdict in favor of the plaintiffs therein and against all the defendants including Charles O. Cowles, Sr., appellant in the instant action. The judgment against appellant was for compensatory damages in the sum of $181.30 and exemplary damages in the sum of $3,000. Thereafter the appellant moved for judgment notwithstanding the verdict, which motion was granted as to appellant and the judgment against him was vacated by order of court September 15, 1977. The judgment remained as against the other defendants.

### DID THE JUDGMENT AGAINST APPELLANT IN THE PREVIOUS CASE ESTABLISH CONCLUSIVE PROOF OF PROBABLE CAUSE FOR THOSE PROCEEDINGS?

The action for malicious prosecution is a recognition of the right of an individual to be free from unjustifiable litigation. It had its origin as a remedy for unjustifiable criminal proceedings and in the majority of American courts has been extended into the field of wrongful initiation of civil suits. (Prosser, Torts (4th ed. 1971) Wrongful Civil Proceedings, § 120, p. 850; Comment (1973) 5 Stan.L.Rev. 560, 561.)

██ The purpose of the action is to compensate a wronged individual for damage to his reputation and to reimburse him for the expense of defending against the unwarranted action. (*Ray Wong* v. *Earle C. Anthony, Inc.* (1926) 199 Cal. 15, 18 [247 P. 894].) ██ The claimant must prove that the defendant initiated a criminal or civil proceeding without probable cause, that the proceeding has terminated in the claimant's favor, and that the defendant acted maliciously in instituting the proceeding. (Prosser, Torts (4th ed. 1971) p. 835 et seq.; *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]; 4

Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 253, p. 2530 et seq.) The courts have evolved strict standards and such actions have been described as "disfavored." (*Norton v. John M. C. Marble Co.* (1939) 30 Cal.App.2d 451, 454 [86 P.2d 892]; *Babb v. Superior Court* (1971) 3 Cal.3d 841, 847 [92 Cal.Rptr. 179, 479 P.2d 379]; 4 Witkin, Summary of Cal. Law (8th ed 1974) Torts, § 244, p. 2524.)

However, the policy of disfavor "... should not be pressed further to the extreme of practical nullification of the tort and consequent defeat of the other important policy which underlies it of protecting the individual from the damage caused by unjustifiable criminal prosecution. [Citations.]" (*Jaffe v. Stone, supra*, 18 Cal.2d at pp. 159-160. See also, *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 53 [118 Cal. Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

The requirement of favorable termination of the prior proceeding and the requirement that the claimant show lack of probable cause are closely related. ▉ With respect to the meaning of probable cause as related in such proceedings, it has been observed: "'Probable cause' for the institution of an action does not mean 'legal cause' therefor, for if it did, every plaintiff who failed to recover in his suit would be liable to an action for malicious prosecution. 'Probable cause' has sometimes been defined as reasonable cause [citation]; and in the case of both civil and criminal prosecutions has been further defined to be an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant a reasonable man in believing that the charge is true. [Citations.]" (*Black v. Knight* (1919) 44 Cal.App. 756, 769 [187 P. 89].)

▉ In the event the plaintiff in the prior action obtains judgment after trial, such judgment is, unless procured by fraud, conclusive proof that the proceedings were prosecuted with probable cause, notwithstanding the fact that the judgment is reversed on appeal. (*Holliday v. Holliday* (1898) 123 Cal. 26, 32 [55 P. 703]; *Carpenter v. Sibley* (1911) 15 Cal.App. 589, 601 [119 P. 391]; *Norton v. John M. C. Marble Co., supra*, 30 Cal.App.2d at pp. 454-455.)

In *Black v. Knight, supra*, 44 Cal.App. at p. 770, the court stated with regard to judgment obtained by the plaintiff in the prior action: "This proven fact entitled him upon the trial of the instant case to the full benefit of the presumption of the existence of probable cause for

the institution of his said former action; and the fact that a first judgment obtained therein was reversed upon appeal did not suffice to deprive him of the full benefit of that presumption. [Citations.] The cases last above cited not only fully sustain the view that the plaintiff in the action for unlawful detainer was entitled to the presumption of probable cause for its institution by virtue of the judgment in his favor in the trial court therein, but they go further than this and hold that *this presumption is, in the absence of proof of fraud in obtaining said judgment, conclusive....*" (Italics added.)

The court also stated that although the rule had its inception in criminal prosecutions, it could preceive no reason for a distinction as to civil matters. (*Black* v. *Knight, supra,* 44 Cal.App. at p. 770.)

The rule that a recovery by plaintiff in the original action is regarded as conclusive evidence of the existence of probable cause even though subsequently reversed, is followed in numerous other jurisdictions. (See Prosser, Torts (4th ed. 1971), § 120, Wrongful Civil Proceedings, p. 855, fn. 51; 1 Harper & James, Law of Torts (1956) p. 330.)

In the matter of *Short* v. *Spragins* (1898) 104 Ga. 628 [30 S.E. 810], the court applied this rule to a determination by the trial judge himself. The plaintiffs in the original action sought an injunction in an equitable proceeding for appointment of a receiver. The judge granted a restraining order and appointed a receiver. At an interlocutory hearing, the same judge who granted the restraining order directed that it be dissolved and thereafter the action was terminated without going to judgment. The defendants in the original proceeding instituted an action for the damages which allegedly resulted from the institution of the equitable petition and proceedings had thereunder, but judgment was rendered against them.

On appeal, discussing the ruling of the trial judge granting the motion for receiver and later rescinding the same, the court stated at 30 S.E. 812: "The order passed by his honor was in the nature of a judgment, and would not have been granted if he had not judicially determined that the equitable petition presented to him made a case entitling the plaintiffs to the relief sought. It is true that an adjudication of this kind is neither permanent nor final, but it is none the less a judi-

cial act essential to the further progress of the case. Civ. Code, § 4967. Surely, it would be hard law which would render a plaintiff liable in damages for instituting an action, wherein he made a truthful and honest statement of the facts, in the event that, notwithstanding a judge of the superior court was satisfied that upon those facts the plaintiff had a meritorious case, a ruling to that effect should afterwards be set aside. It cannot matter that the same judge reversed the judgment rendered by him in sanctioning the petition. *This should count for neither more nor less than if the judgment of reversal had emanated from a higher court*; for the reason that the inquiry, in either event, would be, not whether the plaintiff had in fact a good and valid cause of action, but whether this was apparently true, and it was accordingly the right of the plaintiff to invoke a judicial decision concerning the merits of the case presented for determination...." (Italics added.)

Appellant in the case at bench contends, on the other hand, that in order to constitute an uncontrovertible barrier to the claimant the judgment against him in the prior action must be "final." He refers to cases such as *Norton* v. *John M. C. Marble Co., supra*, 30 Cal.App.2d at page 454: "It has become a rule of law in this state that a *final* judgment duly rendered after trial on the merits, in a court having complete jurisdiction, adverse to the defendant in the proceedings in which the judgment is rendered, is, unless procured by fraud which may be either extrinsic or intrinsic, conclusive proof that the proceedings were prosecuted with probable cause, notwithstanding the fact that the judgment is reversed on appeal. [Citations.]" (Italics added.)

In *Jaffe* v. *Stone, supra*, 18 Cal.2d at page 152, the court declared: "In stating the requirement of termination, courts often say that the proceeding must be 'finally' terminated. Such a statement is entirely accurate if the ordinary reasonable meaning of the words is taken. The *proceeding* must be finally terminated; that is, the particular criminal proceeding commencing, for example, by complaint and arrest, must have passed through some such stage as preliminary hearing and dismissal, or trial and acquittal or abandonment by the prosecuting authorities. When this has occurred, *that proceeding is finally terminated.* If the termination was such as not to constitute a bar to a new prosecution, the accused may be charged and tried again for the same offense; but this will be a *new proceeding*, with a new court number,

new pleadings, new judge and jury, and a new judgment." (Italics in original.)

■ Appellant argues that in view of the use of the term "final judgment," in the cases to which we have referred, the only judgment to which the court should give effect in the instant proceeding was the judgment notwithstanding the verdict, not the interim judgment entered upon the verdict of the jury, which was supplanted. He relies on *Amell* v. *Amell* (1937) 10 Cal.2d 153, 155 [73 P.2d 888], in which the court held that if for any reason the judgment in a matter is vacated and a different judgment entered in lieu thereof, the new and different judgment becomes the only judgment in the case as there can be only one final judgment in an action.

We feel that this argument overlooks the true basis for the rule with regard to the conclusive presumption of probable cause, which may be articulated in the following question: Did a trier of fact after a fair adversary hearing reach a determination on the merits against the defendant in the prior proceeding? If the answer is in the affirmative, the defendant in that proceeding may not thereafter institute an action for malicious prosecution, whether the matter was criminal or civil, even though he shows that the determination in question was reversed on appeal or set aside by the trial judge. The rule has its origin in policy considerations to which we have already adverted, that persons who initiate criminal or civil proceedings should not thereafter be subjected to litigation to assess damages against them unless it be shown that they acted without probable cause; that if probable cause is determined by the trier of fact in the prior proceedings, it is not subject to reevaluation. Although in application the rule may result in an occasional injustice, its salutary effect outweighs the detriments.

The courts have taken a different view with respect to preliminary hearings. For example in *De La Riva* v. *Owl Drug Co.* (1967) 253 Cal. App.2d 593 [61 Cal.Rptr. 291], the court held that although the claimant had been held to answer after preliminary hearing on criminal charges and had lost a motion under section 995 of the Penal Code to obtain a dismissal of the proceedings, he was nevertheless not barred from instituting an action for malicious prosecution. The court stated that a preliminary hearing is not a complete trial on the merits and concerns only the existence of sufficient evidence to create a reasonable suspicion that the accused participated in a public offense, that a case

at such a stage is in a very different posture from one in which an actual trial has been conducted. (See 253 Cal.App.2d at pp. 597-598.)

The court observed "'On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. [Citation.]'" (253 Cal.App.2d at p. 595.)

When the case is considered on the merits by a trier of fact, the situation is different than that involved in a preliminary hearing. The observations of the court in *Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675 [120 Cal.Rptr. 291], appear pertinent. The claimants had prevailed in a prior jury case. They then instituted an action for malicious prosecution. The appellate court affirmed a motion for summary judgment made by the defendants and respondents in the new action stating, "Thus, in the case at bench, appellants have not presented an issue determinable as one of fact concerning probable cause. The issue is consequently to be determined as one of law. We have examined the mass of material which underlay respondents' determination that Southwestern's claim was properly litigable against appellants. That examination convinces us, as it did the federal district judge who let the case go to a jury and the trial judge, that the evidence was closely balanced and that respondents' determination was a reasonable one." (46 Cal.App.3d at p. 684.)

█ If the trial judge denies a motion for nonsuit and permits a question of fact to go to the jury, he has, of necessity, decided that there is sufficient evidence to permit the jury to determine that issue. If the jury then makes a determination contrary to the defendant in the initial action, we feel that the dual action of the court and the jury is a sufficient determination of probable cause to prevent the defendant from instituting malicious prosecution proceedings even though such verdict be overthrown by the trial judge or on appeal. We see no substantial reason for distinguishing between the action of the trial judge and the action of an appellate court in upsetting a jury verdict. None was made in the Georgia case to which we have referred and we believe that such a rule reinforces the sound principle that nonmeritorious mali-

cious prosecution cases should be prevented from clogging our judicial system by their elimination at the outset.

The judgment of dismissal is affirmed.

Files, P. J., and Woods, J., concurred.