[No. S097444. Aug. 1, 2002.]

RAUL WILSON et al., Plaintiffs and Appellants, v.
PARKER, COVERT & CHIDESTER et al., Defendants and Respondents.

RAUL WILSON et al., Plaintiffs and Appellants, v.
MARK WILLIAMS, Defendant and Respondent.

RAUL WILSON et al., Plaintiffs and Appellants, v.
CARL AXUP et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Yvonne M. Renfrew and Yvonne M. Renfrew for Plaintiffs and Appellants.

Armen L. George, in pro. per., and for Alan D. Barbour and Miyoko O. Barbour as Amici Curiae on behalf of Plaintiffs and Appellants.

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Mark L. Kiefer, Laine E. Hedwall and Matthew E. Voss for Defendants and Respondents Parker, Covert & Chidester, Spencer E. Covert and Mark Williams.

Reich, Adell, Crost & Cvitan, Paul Crost and Carlos R. Perez for Defendants and Respondents Reich, Adell, Crost & Cvitan and Marianne Reinhold.

Stream & Stream, David D. Werner and Jamie E. Wrage for Defendants and Respondents Carl Axup and K. T. Bowers.

Rutan & Tucker and David C. Larsen for California School Boards Association Education Legal Alliance as Amicus Curiae on behalf of Defendants and Respondents Parker, Covert & Chidester, Spencer E. Covert, Mark Williams, Carl Axup and K. T. Bowers.

Hinshaw & Culbertson, Ronald E. Mallen and Paul E. Vallone as Amici Curiae on behalf of Defendants and Respondents.

Sidley Austin Brown & Wood and Mark E. Haddad for Amoco Corporation and Amoco Technology Company as Amici Curiae on behalf of Defendants and Respondents.

Best Best & Krieger, Jack B. Clarke, Jr., John F. Walsh, Angelica Y. Castillo and Megan K. Starr for David Kuzmich, Carole Castle and Ellen Schwartz as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**WERDEGAR, J.**—One of the elements of an action for malicious prosecution is the absence of probable cause for bringing the prior action. (*Sheldon*

*Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 874 [254 Cal.Rptr. 336, 765 P.2d 498].) The question presented here is whether the trial court's denial, in the prior action, of a special motion to strike under California's anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16) establishes that probable cause did exist for bringing the action, precluding maintenance of the malicious prosecution suit absent proof the ruling was obtained by fraud. We conclude that denial of the motion to strike does establish the existence of probable cause where, as in this case, the trial court's denial ruling was predicated on a finding that the action had potential merit. We therefore affirm the judgment of the Court of Appeal, which affirmed the trial court's sustaining of demurrers to this malicious prosecution action.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying action, *Kuzmich v. Mexican Political Assn.* (Super. Ct. Riverside County, 1996, No. 283066) arose from demonstrations and personal confrontations occurring in and around a public school. The plaintiffs were teachers and administrators at the school who alleged that the demonstrators' actions and speech amounted to harassment and defamation; the defendants were allegedly participants in, or organizers of, the protests and accompanying confrontations.

Several of the *Kuzmich* defendants, including the Mexican Political Association (MPA), which organized the demonstrations, and Raul Wilson, an officer of the MPA, moved to strike the action under the anti-SLAPP statute (Code Civ. Proc., § 425.16 (hereafter section 425.16)). The trial court denied the motion on three grounds: the motion was untimely; the defendants had not established that the action arose from acts "in furtherance of [their] right of petition or free speech" (§ 425.16, subds. (b)(1), (e)); and the plaintiffs had demonstrated a probability they could prevail on the merits (*id.*, subd. (b)(3)) by establishing, in the trial court's words, "a sufficient prima facie showing of facts to sustain a favorable judgment."[1]

The *Kuzmich* defendants sought review of this ruling by petition to the Court of Appeal for a writ of mandate. The Court of Appeal granted the petition in part, vacating the superior court's order denying the motion to

---

[1]In a separate ruling, the *Kuzmich* trial court also issued a permanent injunction against harassment. The *Kuzmich* Court of Appeal reversed the grant of injunctive relief on procedural grounds. In the present case, the Court of Appeal held that the *Kuzmich* trial court's grant of injunctive relief established probable cause for that cause of action, but neither plaintiffs' petition for review nor any of defendants' answers raises for our review the correctness of that holding. We therefore do not address the effect of the order for injunctive relief.

strike as to Wilson and the MPA. The reviewing court held that the organized protests came within the protective scope of section 425.16, though some of the personal insults and slurs alleged to have been made did not. Finding insufficient evidence of a conspiracy to harass or defame, and therefore examining each defendant's conduct individually, the Court of Appeal held that "[a]s for Wilson, there is no evidence that he personally committed tortious conduct and he is entitled to a dismissal." The MPA, the court further held, "cannot be held liable for the actions of certain of its members, and it has no liability in tort for sponsoring a protest on an issue of public significance." (*Martinez v. Superior Court* (Aug. 29, 1997, E020044) [nonpub. opn.].) On remand, the superior court granted the motion to strike and dismissed the action as to Wilson and the MPA.

Wilson and the MPA then brought this suit for malicious prosecution and other causes of action against the *Kuzmich* plaintiffs and their attorneys. The superior court sustained demurrers to the complaint by the attorney defendants and by teachers Carl Axup and K. T. Bowers, and dismissed the action as to them.

The Court of Appeal affirmed. Observing that "the denial of a SLAPP suit motion to strike parallels the denial of a motion for summary judgment," the court followed *Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375 [90 Cal.Rptr.2d 408] (*Roberts*), which held that denial of a defense summary judgment motion normally establishes probable cause. As did the *Roberts* court (*id.* at p. 384), the Court of Appeal reasoned that the foundation for the contrary view, enunciated in *Lucchesi v. Giannini & Uniack* (1984) 158 Cal.App.3d 777 [205 Cal.Rptr. 62] (*Lucchesi*), had been undermined by this court's intervening decision in *Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d 863 (*Sheldon Appel*), adopting an objective standard of probable cause for malicious prosecution actions. One justice dissented from this holding, arguing that, because survival of a section 425.16 motion to strike requires only a prima facie case, denial of such a motion does not establish probable cause. The dissenter maintained that *Roberts* conflicted with this court's approving citation of *Lucchesi* in *Crowley v. Katleman* (1994) 8 Cal.4th 666, 692-693, footnote 15 [34 Cal.Rptr.2d 386, 881 P.2d 1083].

We granted plaintiffs' petition for review.

### DISCUSSION

We addressed the probable cause element of malicious prosecution comprehensively in *Sheldon Appel, supra,* 47 Cal.3d 863. We first considered the policy reasons for adhering to limitations on the malicious prosecution tort,

reiterating that the tort is disfavored both because of its "potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court" (*id.* at p. 872) and because, as a means of deterring excessive and frivolous lawsuits, it has the disadvantage of constituting a new round of litigation itself (*id.* at p. 873). A preferable approach is "the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself." (*Ibid.*)

■ Applying that policy perspective to the delineation of the probable cause element, this court held, first, that the existence or nonexistence of probable cause is a legal question to be resolved by the court in the malicious prosecution case; litigants are thus protected against the danger that a lay jury would mistake a merely unsuccessful claim for a legally untenable one. (*Sheldon Appel, supra,* 47 Cal.3d at pp. 874-877.) We further held that probable cause is determined objectively, i.e., without reference to whether the attorney bringing the prior action believed the case was tenable (*id.* at pp. 877-882), and that the standard of probable cause to bring a civil suit was equivalent to that for determining the frivolousness of an appeal (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]), i.e., probable cause exists if "any reasonable attorney would have thought the claim tenable." (*Sheldon Appel, supra,* at p. 886.) This rather lenient standard for bringing a civil action reflects "the important public policy of avoiding the chilling of novel or debatable legal claims." (*Id.* at p. 885.) Attorneys and litigants, we observed, " 'have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win . . . .' " (*Ibid.*, quoting *In re Marriage of Flaherty, supra,* at p. 650.) Only those actions that " 'any reasonable attorney would agree [are] totally and completely without merit' " may form the basis for a malicious prosecution suit. (*Ibid.*)

■ Long before *Sheldon Appel* was decided, decisions in California and elsewhere established that a trial court judgment or verdict in favor of the plaintiff or prosecutor in the underlying case, unless obtained by means of fraud or perjury, establishes probable cause to bring the underlying action, even though the judgment or verdict is overturned on appeal or by later ruling of the trial court.[2] Although this rule predates *Sheldon Appel*, it is motivated by much the same policy concern. Because malicious prosecution

---

[2]*Bealmear v. So. Cal. Edison Co.* (1943) 22 Cal.2d 337, 340 [139 P.2d 20]; *Carpenter v. Sibley* (1908) 153 Cal. 215, 218 [94 P. 879]; *Holliday v. Holliday* (1898) 123 Cal. 26, 32 [55 P. 703]; *Cowles v. Carter* (1981) 115 Cal.App.3d 350, 356, 359 [171 Cal.Rptr. 269]; *Fairchild v. Adams* (1959) 170 Cal.App.2d 10, 15 [338 P.2d 191]; see also *Crescent Live Stock Co. v. Butchers' Union* (1887) 120 U.S. 141, 149-151 [7 S.Ct. 472, 476-477, 30 L.Ed. 614];

suits have the potential to penalize and deter the legitimate invocation of the judicial process for redress of grievances, only claims that a reasonable litigant or attorney would have seen as lacking all merit should form the basis for such a suit. Claims that have succeeded at a hearing on the merits, even if that result is subsequently reversed by the trial or appellate court, are not so lacking in potential merit that a reasonable attorney or litigant would necessarily have recognized their frivolousness.

Thus, in *Fairchild v. Adams, supra,* 170 Cal.App.2d 10, the superior court jury in the underlying case, a will contest, found the will to have been made under undue influence; the Court of Appeal affirmed, but this court reversed, holding the evidence insufficient to show that undue pressure had been brought to bear on the testamentary act itself. (*Id.* at pp. 11-12.) In the devisee's ensuing malicious prosecution action against the objector, the appellate court held the jury's verdict in the underlying case established probable cause for the contest despite its reversal on appeal. The jurors had "considered the evidence produced at the will contest alone sufficient, not only to justify the commencement of the proceeding, but also to support the judgment that the will and codicil were results of such undue influence. *They were declared by the Supreme Court to be in error—but not unreasonable—in their opinions.* [¶] . . . [¶] The favorable outcome of the proceedings in the court below is conclusive evidence, in the absence of fraud, of the existence of probable cause . . . notwithstanding reversal by the Supreme Court." (*Id.* at p. 15, italics added.)

Similarly, in *Cowles v. Carter, supra,* 115 Cal.App.3d 350, in the underlying case, a civil action for child stealing and kidnapping, the jury returned a verdict for the plaintiffs, but the trial court granted judgment for the defense notwithstanding the verdict. (*Id.* at pp. 353-354.) In the defendant's ensuing malicious prosecution action, the appellate court held the jury's favorable verdict for the plaintiffs in the underlying case established probable cause for the action despite its vacation by the trial court. Quoting from a Georgia decision, the court explained, " 'it would be hard law which would render a plaintiff liable in damages for instituting an action, wherein he made a truthful and honest statement of the facts, in the event that, notwithstanding a judge of the superior court was satisfied that upon those facts the plaintiff had a meritorious case, a ruling to that effect should afterwards be set aside. . . . [*T*]*he inquiry* [*is*] *not whether the plaintiff had in fact a good and valid cause of action, but whether this was apparently true, and it was accordingly the right of the plaintiff to invoke a judicial decision concerning the merits of the case presented for determination . . . .*' " (*Id.* at p. 357, quoting *Short v. Spragins* (1898) 104 Ga. 628 [30 S.E. 810], italics added.)

Restatement Second of Torts, section 675, comment b, page 458; Prosser and Keeton, The Law of Torts (5th ed. 1984) section 120, page 894.

The Court of Appeal in *Roberts, supra,* 76 Cal.App.4th 375, relied upon much the same reasoning to hold that denial of a defense motion for summary judgment in the prior case established probable cause. In the underlying case in *Roberts,* an insurer's action against a physician for fraud and other causes of action, the trial court denied a defense motion for summary judgment on the fraud claim, finding material questions of fact existed. At trial, however, the fraud claim was resolved in the defendant's favor. (*Id.* at pp. 380-381.) In the physician's subsequent malicious prosecution action, the appellate court held the prior summary judgment denial was "a reliable indicator that probable cause [was] present." (*Id.* at p. 383.) Just as a trial victory by the underlying plaintiff "shows that the suit was not among the least meritorious of meritless suits, those which are totally meritless and thus lack probable cause," so too "[d]enial of a defendant's summary judgment motion provides similarly persuasive evidence that a suit does not totally lack merit." (*Ibid.*) A trial court's conclusion that issues of material fact remain for trial "necessarily impl[ies] that the judge finds at least some merit in the claim. The claimant may win, if certain material facts are decided favorably. This finding (unless disregarded) compels [the] conclusion that there is probable cause, because probable cause is lacking only in the *total absence* of merit." (*Ibid.*) Giving effect to this conclusion "serves the policy expressed in *Sheldon Appel* to discourage dubious malicious prosecution suits." (*Id.* at p. 384.)[3]

Several recent cases from other jurisdictions have reached the same conclusion as to denial of defense summary judgment motions, directed verdict motions, and similar efforts at pretrial termination of the underlying case. In *Davis v. Butler* (1999) 240 Ga.App. 72 [522 S.E.2d 548], for example, an action for abusive civil litigation (which required proof that the prior litigation was groundless, frivolous or vexatious) was held precluded where a defense motion for summary judgment had been denied in the underlying suit: "[S]uch denial of summary judgment constitutes a legal determination that the action has substantial justification, because it is not groundless or frivolous and can proceed to jury trial. Thus, it was not groundless, frivolous, or vexatious in fact or in law." (*Id.* at p. 550.) Again, in *Porous Media Corp. v. Pall Corp.* (8th Cir. 1999) 186 F.3d 1077, the court, applying Minnesota law, held denial of a directed verdict for the

---

[3]*Roberts* is the only published California decision holding denial of a defense summary judgment motion demonstrates the existence of probable cause. That holding, however, was prefigured in *Hufstedler, Kaus & Ettinger v. Superior Court* (1996) 42 Cal.App.4th 55, 69 [49 Cal.Rptr.2d 551], where the appellate court observed that denial of summary judgment in the underlying libel case, while not dispositive, supported the conclusion that probable cause existed for that action, since "if the statements [sued upon in the libel case] were so clearly expressions of opinion that any reasonable attorney would have so viewed them, [the underlying defendant's] motion for summary judgment would have been granted."

defense established probable cause for the underlying suit: "If reasonable jurors could find in Pall's favor, it follows that there was probable cause for bringing the counterclaims . . . . This is fatal to an essential element of Porous's claims for malicious prosecution." (*Id.* at p. 1080.)[4]

The same result has been held to follow under the federal *Noerr-Pennington* doctrine,[5] which immunizes plaintiffs from counterclaims for, e.g., violation of antitrust law, based merely on having initiated non-sham business litigation. Sham litigation, for this purpose, is the "pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." (*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* (1993) 508 U.S. 49, 62 [113 S.Ct. 1920, 1929, 123 L.Ed.2d 611].) A finding of probable cause to bring the action therefore precludes a finding the action was a sham. (*Id.* at pp. 62-63 [113 S.Ct. at pp. 1929-1930].) Significantly for our purposes, the denial of summary judgment in the underlying action has been held to demonstrate the action was not a sham. (*Harris Custom Builders, Inc. v. Hoffmeyer* (N.D.Ill. 1993) 834 F.Supp. 256, 261-262.) *"An action that is well enough grounded, factually and legally, to survive a motion for summary judgment is sufficiently meritorious to lead a reasonable litigant to conclude that they had some chance of success on the merits.* Consequently, plaintiffs' infringement action is not a sham and, under *Noerr-Pennington*, cannot subject Harris to antitrust liability." (*Ibid.*, italics added; accord, *Porous Media Corp. v. Pall Corp., supra*, 186 F.3d at p. 1080, fn. 4; *Gen-Probe, Inc. v. Amoco Corp., Inc.* (S.D.Cal. 1996) 926 F.Supp. 948, 958.)

The same considerations lead us to conclude that a trial court's denial of a motion to strike under section 425.16, on the ground that the plaintiff has established the requisite probability of success, establishes probable cause to bring the action, and precludes the maintenance of a subsequent malicious prosecution action, unless the prior ruling is shown to have been obtained by fraud or perjury. The rights of litigants and attorneys to bring nonfrivolous civil actions, " 'even if it is extremely unlikely that they will win' " (*Sheldon Appel, supra*, 47 Cal.3d at p. 885), would be unduly burdened were they exposed to tort liability for malicious prosecution for actions that had been found potentially meritorious under section 425.16.

---

[4]Accord, *Butler v. Ratner* (1994) 210 A.D.2d 691 [619 N.Y.S.2d 871, 874] (issuance of temporary restraining order creates presumption of probable cause); *Skinder-Strauss v. Mass. Continuing Legal Educ.* (D.Mass. 1994) 870 F.Supp. 8, 11 (claim that survives summary judgment does not lack objective merit); contra, *Kirk v. Marcum* (Ky.Ct.App. 1986) 713 S.W.2d 481, 485 (denial of directed verdict for defense does not establish probable cause).

[5]So called after *Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127 [81 S.Ct. 523, 5 L.Ed.2d 464] and *Mine Workers v. Pennington* (1965) 381 U.S. 657 [85 S.Ct. 1585, 14 L.Ed.2d 626].

In order to establish a probability of prevailing on the claim (§ 425.16, subd. (b)(1)), a plaintiff responding to an anti-SLAPP motion must " 'state[] and substantiate[] a legally sufficient claim.' " (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123 [81 Cal.Rptr.2d 471, 969 P.2d 564], quoting *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 412 [58 Cal.Rptr.2d 875, 926 P.2d 1061].) Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." (*Matson v. Dvorak* (1995) 40 Cal.App.4th 539, 548 [46 Cal.Rptr.2d 880]; accord, *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 274 [105 Cal.Rptr.2d 674].) In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant (§ 425.16, subd. (b)(2)); though the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim. (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1365 [102 Cal.Rptr.2d 864].)

In denying a motion to strike on the ground that the plaintiff has established the requisite probability of success, therefore, the trial court necessarily concludes that the plaintiff has substantiated a legally tenable claim through a facially sufficient evidentiary showing and that the defendant's contrary showing, if any, does not defeat the plaintiff's as a matter of law. This determination establishes probable cause to bring the claim, for such an action clearly is not one that " 'any reasonable attorney would agree . . . is totally and completely without merit.' " (*Sheldon Appel, supra*, 47 Cal.3d at p. 885.) A claim that is legally sufficient and can be substantiated by competent evidence is, on the contrary, one that a "reasonable attorney would have thought . . . tenable." (*Id.* at p. 886.) The opposite rule, permitting such claims to form the basis for malicious prosecution liability, would unduly limit the right to invoke judicial remedies in pursuit of nonfrivolous claims. (Cf. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., supra*, 508 U.S. at p. 56 [113 S.Ct. at p. 1926] [imposition of antitrust liability for the initiation of non-sham litigation would tend to infringe First Amendment right of petition].)

We are not persuaded by plaintiffs' argument, echoing the dissenter in the Court of Appeal, that the denial of a section 425.16 motion does not demonstrate probable cause because the trial court, in deciding such a motion, determines only whether the plaintiff has substantiated a prima facie case and does not weigh one side's evidence against the other in the manner

of a jury or court trying the merits. ▮ A litigant or attorney who possesses competent evidence to substantiate a legally cognizable claim for relief does not act tortiously by bringing the claim, even if also aware of evidence that will weigh against the claim. Plaintiffs and their attorneys are not required, on penalty of tort liability, to attempt to predict how a trier of fact will weigh the competing evidence, or to abandon their claim if they think it likely the evidence will ultimately weigh against them. They have the right to bring a claim they think unlikely to succeed, so long as it is arguably meritorious. (*Sheldon Appel, supra,* 47 Cal.3d at p. 885.)[6] That the trial court does not, pursuant to section 425.16, weigh the evidence or decide disputed questions of fact does not, therefore, undermine the conclusion that a claim found to have a probability of success under that statute was brought with probable cause.

▮ Nor, in this case, did the *Kuzmich* Court of Appeal's partial vacation of the trial court's section 425.16 order vitiate its effect. The appellate court in *Kuzmich* held the superior court legally erred in finding potential merit to the claims against two of the *Kuzmich* defendants, but not that the lower court decided the case irrationally. (See *Fairchild v. Adams, supra,* 170 Cal.App.2d at p. 15 [Supreme Court held jurors "to be in error—but not unreasonable—in their opinions"].)[7] That the *Kuzmich* plaintiffs prevailed in the trial court shows their action was not so clearly and completely without merit as to justify tort liability for its initiation; though the Court of Appeal held the evidence of Wilson's and the MPA's liability insufficient to proceed, it did not hold or imply that a reasonable attorney could not have believed the case had potential merit. It would be a " 'hard law,' " indeed, that " 'would render a plaintiff liable in damages for instituting an action . . . in the event that, notwithstanding a judge of the superior court was satisfied that upon those facts the plaintiff had a meritorious case, a ruling to that effect should afterwards be set aside.' " (*Cowles v. Carter, supra,* 115 Cal.App.3d at p. 357.)

To support their contention that denial of a section 425.16 motion should not be deemed to establish probable cause, plaintiffs rely heavily on *Lucchesi, supra,* 158 Cal.App.3d 777, and on this court's favorable citation of

---

[6]Indeed, a plaintiff or his or her attorney may *not* be aware, when initiating the action, of evidence in the defendant's possession that weighs against the claim. Considering the plaintiff's prima facie case alone is appropriate for this reason as well, for probable cause to bring an action depends on the facts known to the litigant or attorney at the time the action is brought. (*Sheldon Appel, supra,* 47 Cal.3d at pp. 880-884.)

[7]See also *Butler v. Ratner, supra,* 619 N.Y.S.2d at pages 873-874 (issuance of temporary restraining order, though vacated by appellate court, creates presumption of probable cause); *Chapman v. Grimm & Grimm, P.C.* (Ind.Ct.App. 1994) 638 N.E.2d 462, 464-465 (contempt citation against defendant in child visitation action, though reversed by appellate court for lack of jurisdiction, conclusively establishes probable cause to bring action).

*Lucchesi* in *Crowley v. Katleman, supra,* 8 Cal.4th 666 (*Crowley*), both of which we now examine.[8]

In the underlying action in *Lucchesi,* an action to cancel a deed and to quiet title, the court denied a defense motion for summary judgment; the *Lucchesi* opinion does not state, however, whether the motion was denied because of the existence of triable issues of material fact (Code Civ. Proc., § 437c, subd. (c)) or for other reasons. (*Lucchesi, supra,* 158 Cal.App.3d at p. 784.) The defendant ultimately prevailed at trial. (*Ibid.*)

In the defendant's ensuing malicious prosecution action, the appellate court rejected the former plaintiffs' contention that denial of the summary judgment motion in the underlying case established probable cause for bringing the action, in part because a summary judgment motion may be denied for reasons other than existence of triable issues: "A motion for summary judgment may be denied for any of several reasons: (1) there may be a triable issue as to a material fact; (2) the supporting affidavits may be insufficient; (3) the only proof as to a material fact may be an affidavit or declaration by the sole witness to the fact; or (4) a material fact may involve an individual's state of mind and that fact is sought to be established solely by that individual's affirmation thereof. [Citations.]" (*Lucchesi, supra,* 158 Cal.App.3d at p. 787; see Code Civ. Proc., § 437c, subds. (b) [motion may be denied if supporting papers do not include a separate statement of undisputed facts], (e) [motion may be denied if the only proof of one or more material facts is the declaration of the sole witness to the fact, or a material fact as to a person's state of mind is sought to be established solely by the person's testimony].)

The *Lucchesi* court's reasoning to this point is indisputably correct. Denial of a summary judgment motion on procedural or technical grounds, rather than for existence of triable issues of material fact, says nothing regarding the potential merit of the action and hence does not establish probable cause for its initiation. A parallel distinction can be made with regard to motions to strike under section 425.16: denial of the motion solely on technical or procedural grounds, for reasons that cannot be determined, or because the cause of action does not "aris[e] from any act of [the defendant] in further-ance of the [defendant's] right of petition or free speech" (§ 425.16, subd.

---

[8]The dissenting justice below, in addition to relying on *Lucchesi* and *Crowley,* cited decisions refusing effect to preliminary rulings in *criminal* cases. (See, e.g., *Diemer v. Herber* (1888) 75 Cal. 287, 290 [17 P. 205] [magistrate's holdover order]; *De La Riva v. Owl Drug Co.* (1967) 253 Cal.App.2d 593, 595-597 [61 Cal.Rptr. 291] [denial of motion to set aside information].) These decisions are inapposite, however, because our decision here rests on the relatively low standard of probable cause required to bring a *civil* action. (*Sheldon Appel, supra,* 47 Cal.3d at p. 885.)

(b)(1)), rather than because the plaintiff has shown a probability of success, would say nothing about the action's potential merit and would not establish probable cause.

*Lucchesi* continues, however, with the statement that "[e]ven when the denial is based on the first ground that a material issue of fact does exist, this procedure still falls short of a hearing on the merits." (*Lucchesi, supra,* 158 Cal.App.3d at p. 787.) The decision goes on to hold, as well, that denial of a *nonsuit* motion does not establish probable cause because a nonsuit must be denied "if there is any substantial evidence tending to prove all the controverted facts necessary to establish the plaintiff's case," a conclusion that, like denial of summary judgment, is "not a determination on the merits." (*Ibid.*)

This latter part of *Lucchesi*'s reasoning has been undermined by this court's subsequent decision in *Sheldon Appel*. As discussed above, our decision in that case clarified that probable cause to bring an action does not depend upon it being meritorious, as such, but upon it being *arguably tenable,* i.e., not so completely lacking in apparent merit that no reasonable attorney would have thought the claim tenable. (*Sheldon Appeal, supra,* 47 Cal.3d at pp. 885-886.) Denial of a defense summary judgment motion on grounds that a triable issue exists, or of a nonsuit, while falling short of a determination of the merits, establishes that the plaintiff has substantiated, or can substantiate, the elements of his or her cause of action with evidence that, if believed, would justify a favorable verdict. As also discussed above, a claimant or attorney who is in possession of such evidence has the right to bring the claim, even where it is very doubtful the claim will ultimately prevail. (*Id.* at p. 885.) *Lucchesi v. Giannini & Uniak, supra,* 158 Cal.App.3d 777, is disapproved to the extent it holds otherwise.

Our favorable citation of *Lucchesi* in *Crowley* did not amount to approval of all of *Lucchesi*'s reasoning. The issue raised on review in *Crowley* was whether we should retain an existing rule that "a suit for malicious prosecution lies for bringing an action charging multiple grounds of liability when some but not all of those grounds were asserted with malice and without probable cause." (*Crowley, supra,* 8 Cal.4th at p. 671.) In passing, we briefly addressed the defendants' unrelated argument, which they had raised but abandoned during the trial court proceedings, that denial of a defense summary adjudication motion in the underlying case established probable cause. We remarked merely that the point "was without merit for the reasons stated in *Lucchesi*." (*Id.* at p. 675, fn. 5.) Later in the opinion we again cited *Lucchesi*, this time for the proposition that denial of the summary adjudication motion was not a judgment on the merits for the purposes of the rule

"that an interim adverse judgment on the merits, even though subsequently set aside on motion or on appeal, conclusively establishes probable cause for the prior action." (*Crowley, supra*, at pp. 692-693, fn. 15.)

We did not, in *Crowley*, indicate whether we approved the result in *Lucchesi* because, as the *Lucchesi* court had explained, summary judgment may be denied on any of a number of procedural or technical grounds, or whether we agreed with *Lucchesi* that even a determination of the existence of triable issues would not establish probable cause. Our favorable but passing mention of *Lucchesi*, therefore, did not constitute a full endorsement of its reasoning, which we have here disapproved in part for the reasons already given.

Plaintiffs also contend that the determination of probable cause from a finding or ruling in the underlying case is actually an aspect of collateral estoppel, and hence no such determination may be made in circumstances where no collateral estoppel would arise, as where the prior decision was neither final nor on the merits; application of collateral estoppel in these circumstances, plaintiffs argue, violates their due process and jury trial rights. In our view, plaintiffs' invocation of collateral estoppel is a red herring. ■ The determination of probable cause does not operate, like collateral estoppel, to preclude relitigation of an issue of fact. Probable cause, for purposes of a malicious prosecution action, is a legal issue, not a factual one. (*Sheldon Appel, supra*, 47 Cal.3d at pp. 874-877.) The determination arises, moreover, not because the same issue was litigated in the prior case, but because the result in the prior case (whether a verdict or judgment in the plaintiff's favor, or denial of a defense summary judgment or SLAPP motion) establishes the existence of probable cause as a matter of law, absent proof of fraud or perjury. The rule derives from the definition of probable cause—which is framed so as not to infringe on the right to bring nonfrivolous litigation—rather than from the doctrine of res judicata or any of its branches.

Lastly, plaintiffs contend that application of the probable cause determination in these circumstances contravenes the terms, and defeats the intent, of the anti-SLAPP statute. On the first point, plaintiffs cite section 425.16, subdivision (b)(3), which provides that a trial court's determination of a probability that a claim will prevail, in denying a motion to strike, is inadmissible "at any later stage of the case, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination." This provision, however, clearly addresses the effects of the motion's denial in further proceedings in the same case, not in derivative litigation commenced subsequently.

As to legislative intent, plaintiffs suggest that a rule equating denial of the section 425.16 motion to strike with probable cause will deter SLAPP defendants from taking advantage of section 425.16, for fear that denial will bar any malicious prosecution action, thus defeating the legislative intent that the anti-SLAPP procedures be employed to quickly end abusive litigation against public participation and speech. We are not persuaded the statutory scheme will be undermined in this manner. Given the low standard of probable cause under *Sheldon Appel, supra,* 47 Cal.3d 863, and our holding there that probable cause is decided by the court, defendants can hardly be confident in their ability to maintain a malicious prosecution action even if they forgo the motion to strike and defeat a SLAPP suit at trial. The anti-SLAPP statute, on the other hand, provides for an award of attorney fees and costs to the defendant who makes, and prevails on, a motion to strike. (§ 425.16, subd. (c).) These considerations should provide adequate incentive for a defendant who desires the speedy and low-cost termination of abusive litigation against him or her, and who is confident the litigation is truly meritless, to employ the statutory procedures even at some risk of losing the opportunity for a subsequent malicious prosecution suit.

For the above reasons, we conclude the *Kuzmich* court's denial of the defendants' motion to strike under section 425.16 established probable cause to bring the *Kuzmich* action. Plaintiffs in the present malicious prosecution action have not attempted to show that that ruling was obtained by fraud or perjured testimony. Probable cause therefore existed as a matter of law for initiation of *Kuzmich,* negating a necessary element of the malicious prosecution action. As the Court of Appeal also concluded, the demurrers to that cause of action were therefore properly sustained.

### DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Chin, J., and Moreno, J., concurred.

**BROWN, J.,** Concurring.—Although I concur with most of the majority's reasoning, I write separately because I find its distinction of *Crowley v. Katleman* (1994) 8 Cal.4th 666 [34 Cal.Rptr.2d 386, 881 P.2d 1083] (*Crowley*) unpersuasive. (See maj. opn., *ante,* at pp. 824-825.) According to the majority, "[w]e did not, in *Crowley,* indicate whether we approved the result in *Lucchesi* [v. *Giannini & Uniack* (1984) 158 Cal.App.3d 777 [205 Cal.Rptr. 62]] because . . . summary judgment may be denied on any of a number of procedural or technical grounds, or whether we agreed with *Lucchesi* that even a determination of the existence of triable issues would not establish

probable cause." (Maj. opn., *ante*, at p. 825.) Based on this ambiguity in *Crowley*, the majority concludes that "[o]ur favorable but passing mention of *Lucchesi* . . . did not constitute a full endorsement of its reasoning . . . ." (*Ibid.*) After reviewing *Crowley*, I disagree.

In *Crowley*, Carole Katleman, represented by counsel (together, the defendants), filed a will contest, alleging six separate grounds for invalidating the will. (*Crowley, supra*, 8 Cal.4th at p. 673.) Arthur J. Crowley, the principal beneficiary of the will, filed a motion for summary adjudication. (*Ibid.*) The probate court granted the motion as to one of the grounds, but "denied the motion as to the remaining grounds, *ruling there were triable issues of material fact as to each*." (*Ibid.*, italics added.) After prevailing in the will contest, Crowley sued the defendants for malicious prosecution. (*Id.* at p. 674.) In their demurrer to the malicious prosecution action, the defendants contended, "by denying Crowley's motion for summary adjudication of issues as to all grounds of the will contest except lack of due execution, the probate court 'necessarily determined' there was probable cause for the remaining grounds . . . ." (*Id.* at p. 675.) We, however, rejected this contention in a footnote, finding it "was without merit for the reasons stated in *Lucchesi* . . . ." (*Crowley, supra*, 8 Cal.4th at p. 675, fn. 5.)

Because the probate court denied the motion for summary adjudication in the will contest *on the merits*, our footnote in *Crowley* necessarily endorsed *Lucchesi*'s holding that "a determination of the existence of triable issues would not establish probable cause." (Maj. opn., *ante*, at p. 825.) Like the majority, I disagree with this holding. (See *id.* at pp. 824-825.) I would therefore disapprove of *Crowley* to the extent it adopted this holding of *Lucchesi*.

Appellants' petition for a rehearing was denied October 2, 2002.