Filed 9/3/14  Shankar v. Chu CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ARVIND SHANKAR, M.D., | B248413 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC119634) |
| v. | |
| JEFFREY CHU, M.D., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Karlan, Judge.  Affirmed.

Arvind Shankar, in Pro. Per.

Moon and Yang, Kane Moon for Defendant and Respondent.

Plaintiff Arvind Shankar, M.D. appeals the trial court's order granting the anti-SLAPP motion filed by defendant Jeffrey Chu, M.D. with respect to a cause of action for malicious prosecution. We conclude that plaintiff failed to establish a likelihood of prevailing on this claim, due to insufficient evidence to support his allegation that the underlying lawsuit between the parties terminated in his favor. We therefore affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Chu Sarang Medical Inc., a professional medical corporation (the "Corporation"), was incorporated in January 2004 by Simon Hong. Hong hired Jeffrey Chu, M.D. as the Corporation's president.

On March 15, 2005, Arvind Shankar, M.D. and the Corporation entered into an employment agreement; thereafter Shankar was the Corporation's sole treating physician.

In April 2006, the Corporation ceased business activities; it was later dissolved. In April 2007, Shankar filed a claim for unpaid wages with the Labor Commissioner purportedly due him from the Corporation. The Labor Commissioner awarded Shankar approximately $50,000 on his wage claim, which award was then entered as a judgment against the Corporation. Chu was subsequently added as a judgment debtor, based on a provision of Shankar's employment agreement. Shankar filed an acknowledgment of satisfaction of judgment on November 29, 2010, releasing Chu in full from the judgment.

The litigation underlying the current lawsuit was instituted in September 2007, when Chu and the Corporation sued Shankar, among others, alleging that the failure of the Corporation was due to the defendants' conduct. Shankar cross-complained against Chu and the Corporation for fraud, breach of contract, breach of fiduciary duty, wrongful termination of employment and unfair business practices.

The Corporation, represented by attorney Robert Moest, served a Code of Civil Procedure section 998 Offer to Compromise on Shankar on or about September 24, 2012, offering to settle all claims between them for $1.5 million. Shankar accepted the offer on September 28, 2012. On September 26, 2012, after the offer was served but before it was

2

accepted, the Corporation voluntarily dismissed with prejudice its complaint against Shankar. A judgment in favor of Shankar and against the Corporation was entered on October 11, 2012, in the amount of $1.5 million pursuant to the offer to compromise. On December 6, 2012, Shankar filed a motion for leave to add Chu as a judgment debtor on the judgment. That motion was granted on March 27, 2013.

Shankar, through his attorney Robert Moest (who had represented the Corporation in settling the claims of the Corporation and Shankar just months earlier), filed the instant action on January 4, 2013, alleging causes of action against Chu for fraud, fraudulent transfer, malicious prosecution and breach of a settlement agreement. Chu moved to strike the malicious prosecution cause of action based on Code of Civil Procedure[1] section 425.16, the anti-SLAPP statute. The trial court granted the motion, holding that Shankar had failed to establish a probability of prevailing on the claim. Specifically, the trial court concluded that Shankar could not demonstrate that the underlying lawsuit had been terminated in his favor, a necessary element of a malicious prosecution action. Shankar timely appealed that ruling.

DISCUSSION

A trial court's order granting a special motion to strike under section 425.16 is reviewed de novo. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.) However, the trial court is deemed to have impliedly found "every fact necessary to support the order." (*Briggs v. Eden Council For Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115, fn. 6.)

A motion to strike under section 425.16 is analyzed using a two-step process. First, the moving party must make a threshold showing that the challenged cause of action is one arising from a protected activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) If the court finds that such a showing has been made, the

---

[1] Further statutory references are to the Code of Civil Procedure.

burden shifts to the non-moving party to demonstrate a probability of prevailing on the claim. (*Ibid.*; see also *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

Here, Chu clearly satisfied the first step of the analysis, for it is well-established that filing a lawsuit is an exercise of the constitutional right to petition, and thus a protected act under section 425.16. (*Briggs v. Eden Council For Hope & Opportunity, supra,* 19 Cal.4th 1106, 1115 ["the constitutional right to petition includes the basic act of filing litigation"]; see also *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 736 ["'the Legislature's intent consistently has been to protect all direct petitioning of governmental bodies . . . including . . . courts'"].)[2]

We next turn to Shankar's showing of the probability that he will prevail on his malicious prosecution claim. "[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].'" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871; accord, *Crowley v. Katleman* (1994) 8 Cal.4th 666, 676.) Here, the trial court determined that Shankar failed to demonstrate that the underlying litigation terminated in his favor, thus negating an element of the malicious prosecution cause of action. Thus, we limit our discussion to that element of the tort.

As this court explained in *Robbins v. Blecher* (1997) 52 Cal.App.4th 886: ""The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' [Citations.] [¶] It is not

---

[2]     Shankar maintains that Chu did not meet his initial burden of demonstrating that the filing of the lawsuit was protected activity, because he claims that Chu violated Penal Code section 182 by conspiring with his attorney "[f]alsely to move or maintain [a] suit, action or proceeding." We agree with the trial court that Shankar presented no evidence to show that Chu's filing and/or prosecuting the underlying action was illegal as a matter of law.

essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. [¶] It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits – reflecting on neither innocence of nor responsibility for the alleged misconduct – the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." [Citation.]'" (*Id.* at p. 893.)

"'The key is whether the termination reflects on the underlying defendant's innocence. If the resolution of the underlying litigation "leaves some doubt as to the defendant's innocence or liability[, it] is *not* a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff." [Citation.] "'A termination [by dismissal] is favorable when it reflects "the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor of the defendant."' [Citation.] [¶] . . . The focus is not on the malicious prosecution plaintiff's opinion of his *innocence,* but on the opinion of the dismissing party." [Citation.] "The test is whether or not the termination tends to indicate the innocence of the defendant or simply involves technical, procedural or other reasons that are not inconsistent with the defendant's guilt." [Citation.]'" (*Robbins v. Blecher*, *supra*, at p. 893.)

"'A voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. [Citations.] "It is not enough, however, merely to show that the proceeding was dismissed." [Citation.] The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits.' [Citations.]" (*Robbins v. Blecher*, *supra*, at p. 893.) A dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings. (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d

5

782, 794, fn. 9.) "The purpose of a settlement is to *avoid* a determination on the merits. 'In such a case the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence. (See Prosser, Law of Tort (4th ed. 1971) § 119, p. 840.' [Citation.]" (*Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1335-1336.)

Pursuant to the foregoing authority, the trial court ruled that the settlement of the claims of Shankar and the Corporation in the underlying action could not be deemed a termination of the litigation on the merits. Consequently, it concluded that Shankar had failed to demonstrate an essential element of his malicious prosecution claim, and granted Chu's special motion to strike.

Shankar challenges this ruling on appeal. He relies on the fact that the Corporation dismissed its claims against Shankar before Shankar accepted the Corporation's section 998 Offer to Compromise Shankar's cross-complaint against the Corporation. Shankar argues that there was no section 998 settlement until the offer to compromise was accepted in accordance with its terms, and that the section 998 offer "explicitly required that it be accepted in writing." Thus, he concludes, the Corporation's complaint had already been dismissed (on September 26) when he accepted the section 998 on September 28, and thus could not have been a part of the settlement. The argument is unavailing.

Both the Request for Dismissal of the Corporation's complaint and the section 998 Offer to Compromise were prepared by the Corporation's counsel, Robert Moest, and dated September 24, 2012. The Offer to Compromise, which Shankar accepted in writing on September 28, 2012, stated: "Pursuant to C.C.P. § 998(b), Chu Sarang Medical, Inc. hereby offers to compromise all of the claims and cross-claims that have been asserted in this matter in the Complaint and Cross-Complaint by and between Plaintiff and Cross-Defendant Chu Sarang Medical, Inc. and Defendant and Cross-Complainant Arvind Shankar, M.D. by allowing judgment to be entered in favor of Defendant and Cross-Complainant Arvind Shankar, M.D. and against Plaintiff and Cross-Defendant Chu Sarang Medical, Inc. in the amount of $1,500,000 (one million five hundred thousand

6

dollars), with each of the aforesaid parties to bear its own costs and fees." By accepting the Offer to Compromise, Shankar agreed to settle both the Corporation's complaint against him as well as his cross-complaint against the Corporation. The fact that the Request for Dismissal of the Corporation's complaint was entered by the court two days before Shankar accepted the Offer to Compromise is of no moment. Indeed, given the language of the Offer to Compromise, which by its terms resolved both the complaint and cross-complaint between the Corporation and Shankar, the Request for Dismissal was completely unnecessary. We reject Shankar's assertion that the trial court erred in concluding that the Corporation's dismissal of its complaint against Shankar prior to Shankar's acceptance of the Offer to Compromise established that the termination of the Corporation's litigation against Shankar was on the merits.

Because we affirm the trial court's ruling that Shankar failed to demonstrate that the underlying lawsuit terminated in his favor, and thus affirm the grant of Chu's special motion to strike, we do not address the evidence Shankar presented regarding the remaining elements of his malicious prosecution claim. We note that Shankar states in his brief on appeal that "the record from the court below demonstrates that the trial judge was disqualified from adjudicating the hearing on April 19 because of the appearance of bias, and therefore his ruling was void." However, Shankar apparently did not seek to disqualify the trial judge, who accordingly did not rule on a disqualification motion. Consequently, there is no order or ruling for this court to review concerning any purported bias of the trial judge. Moreover, the record is devoid of any evidence of bias.

DISPOSITION

The order is affirmed.  Chu is to recover his costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]



We concur:



TURNER, P.J.



MOSK, J.

---

[*]    Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.