**Jeffry LA MARCA, Plaintiff–Appellant,**

v.

**CAPELLA UNIVERSITY, a corporation, Defendant–Appellee.**

**No. 06–55314.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.*

Filed Jan. 31, 2008.

Russell J. Thomas, Jr., Esq., Thomas & Associates, Irvine, CA, for Plaintiff-Appellant.

Stella Fey Epling, Esq., Drinker Biddle & Reath, San Francisco, CA, for Defendant-Appellee.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

**MEMORANDUM ***

Jeffry La Marca appeals the district court's denial of his special motion to strike pursuant to California's anti-SLAPP provision, California Civil Procedure Code section 425.16. We have jurisdiction under 28 U.S.C. § 1291, *see Batzel v. Smith,* 333 F.3d 1018, 1024 (9th Cir.2003), and we affirm.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

California's anti-SLAPP provision provides protection from a strategic lawsuit filed "against a person arising from any act of that person in furtherance of the persons's right of petition or free speech under the United States or California Constitution in connection with a public issue.... " Cal.Civ.Proc.Code § 425.16(b)(1). The provision "was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 839 (9th Cir.2001). As the district court correctly found, La Marca's statements were an "act in furtherance" because they were "made in ... a public forum in connection with an issue of public interest." Cal.Civ. Proc.Code § 425.16(e)(3). His statements were communicated via internet postings and contained topics of public interest, such as Capella's allegedly discriminatory treatment of disabled students and La Marca's assessment of Capella as an educational institution. *See Damon v. Ocean Hills Journalism Club*, 85 Cal.App.4th 468, 476—78, 102 Cal.Rptr.2d 205 (2000); *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 895–97, 17 Cal.Rptr.3d 497 (2004).

Still, the district court was required, under the anti-SLAPP provision, to deny La Marca's motion to strike if Capella established a probability of prevailing on its counterclaim. *See* Cal.Civ.Proc.Code § 425.16(b)(1). To establish a probability of prevailing, Capella is required to show that its claims are "legally sufficient" and "supported by a sufficient prima facie

showing of facts to sustain a favorable judgment if the evidence submitted by [Capella] is credited." [1] *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821, 123 Cal.Rptr.2d 19, 50 P.3d 733 (2002) (internal quotation marks omitted).

The district court did not err in finding that Capella met this burden. Under California law, libel, along with slander, are the defamation torts. *See* Cal. Civ.Code § 44. "Libel is a false and unprivileged publication by writing ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ.Code § 45. Among other invectives, La Marca accused Capella's president of lying when the president said that "[La Marca's] tuition for the classes he left before completing was refunded; he only paid for those classes he completed." Because La Marca admitted that Capella sent, and he received, a check refunding his tuition, we agree with the district court that prima facie evidence of the falsity of La Marca's statement exists, even applying the higher actual malice standard applicable to public figures. [2] *See New York Times v. Sullivan*, 376 U.S. 254, 280–81, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Regardless of whether Capella characterized the check as a refund, or whether La Marca actually cashed the check, a reasonable factfinder could conclude that La Marca's statement that Capella's president lied about refunding La Marca's tuition implies

---

1. La Marca did not waive his right to argue that his statements were not prima facie defamatory. In his opening brief, La Marca argued, with support, that his statements are not defamatory. *See* Fed. R.App. P. 28(a)(9). He also referenced the allegedly defamatory tuition refund statement. In any event, any deficiency in La Marca's submitted excerpts of record was remedied by Capella's supplemental excerpts. *See United Elec., Radio &*

*Mach. Workers of America v. Oliver Corp.*, 205 F.2d 376, 389 (8th Cir.1953) (deficiency in the record was "supplied to some extent by plaintiff's supplemental record"); *cf.* Fed R.App. P. 10(b)(2).

2. The district court was not required to determine whether Capella was in fact a public figure at this stage in the proceedings.

a fact capable of being proven true or false. *See Steam Press Holdings, Inc. v. Hawaii Teamsters, Allied Workers Union, Local 996*, 302 F.3d 998, 1005–06 (9th Cir. 2002); *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir.1995) (noting that "a statement that may ... imply a false assertion of fact is actionable") (internal quotation marks omitted). Furthermore, the context of the statement did "not negate the impression that [La Marca] was making a factual assertion about" Capella's president. *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1054 (9th Cir.1990). Also, contrary to La Marca's assertions, La Marca can defame Capella by defaming its president. *See Palm Springs Tennis Club v. Rangel*, 73 Cal.App.4th 1, 6–7, 86 Cal. Rptr.2d 73 (1999).

Thus, if Capella's evidence is credited, it has demonstrated that its counterclaim for defamation is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment.

The district court did not err in basing its decision on one actionable statement. Capella's showing that it has a probability of prevailing on its defamation claim with respect to a single actionable statement is sufficient for the district court to deny the motion and proceed to the next stage of litigation. *See Mann v. Quality Old Time Service, Inc.*, 120 Cal.App.4th 90, 106, 15 Cal.Rptr.3d 215 (2004).

**AFFIRMED.**