Filed 5/28/15 Miller v. Flemate CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KURT A. MILLER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>EUGENE FLEMATE,<br><br>    Defendant and Respondent. | H040157<br>(Santa Clara County<br>Super. Ct. No. 1-13-CV242940) |

Plaintiff, former attorney Kurt Miller, sued defendant, attorney Eugene Flemate, for malicious prosecution. In the underlying action, Flemate represented two brothers in a suit against Miller for breach of contract, professional negligence, and breach of fiduciary duty. In the present action, Flemate filed a special motion to strike under Code of Civil Procedure section 425.16,[1] the anti-SLAPP statute. The trial court granted Flemate's motion to strike Miller's complaint. Miller appeals. As set forth below, we will affirm.

## BACKGROUND

### *The Underlying Action*

Brothers Antonio and Martin Castaneda (the Castanedas sued Miller for breach of contract, professional negligence, and breach of fiduciary duty. The claims arose from

---

[1] Subsequent unspecified statutory references are to the Code of Civil Procedure.

then-attorney[2] Miller's representation of the Castanedas in various legal matters over the course of several years. The Castanedas retained Flemate to represent them in their suit against Miller. The case proceeded to jury trial in January 2012.

At trial, Miller brought three motions for nonsuit. The first nonsuit motion challenged the breach of contract claim, the second nonsuit motion challenged the professional negligence and breach of fiduciary duty claims, and the third nonsuit motion also challenged the professional negligence and breach of fiduciary duty claims. The trial court denied all three motions for nonsuit.

The jury returned a verdict in favor of Miller on all causes of action. The trial court accordingly entered a judgment in favor of Miller.

### The Present Action

In March 2013, Miller sued Flemate for malicious prosecution. The complaint alleged that Flemate prosecuted the underlying action without probable cause and with actual malice and ill will.

Flemate filed a special motion to strike Miller's complaint pursuant to the anti-SLAPP statute (§ 425.16). In the motion, Flemate argued that Miller's suit arose from petitioning activity protected by the anti-SLAPP statute, and he also contended that Miller could not demonstrate a probability of prevailing on the merits of the malicious prosecution claim.

Miller opposed Flemate's motion. In his opposition brief, Miller conceded that his malicious prosecution suit arose from protected petitioning activity. He instead argued that there was a probability he would prevail on his malicious prosecution claim. He asserted that Flemate's tactics at trial on the underlying action showed that Flemate maliciously prosecuted the underlying action without probable cause.

---

[2] While the underlying action was pending, Miller was disbarred as an attorney in the state of California.

2

The trial court entered an order granting Flemate's motion to strike the complaint. In its written order, the trial court explained that Miller had failed to present a sufficient prima facie showing of facts regarding the malice element of his malicious prosecution claim. The trial court also noted that facts presented by Miller suggested that Flemate had probable cause to pursue the underlying action.

**DISCUSSION**

Miller contends that the trial court erred in granting the anti-SLAPP motion. Specifically, Miller asserts that he established a probability of prevailing on his malicious prosecution claim,[3] and he accordingly urges us to reverse the order striking the complaint. As explained below, we conclude that the trial court did not err in granting the anti-SLAPP motion, and we therefore will affirm.

**I. *The Anti-SLAPP Statute***

"A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055 (*Rusheen*).) "The Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Id.* at pp. 1055-1056.) The goal of the anti-SLAPP statute "is to eliminate meritless or retaliatory litigation at an early stage of the proceedings." (*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 806.) "In furtherance of this purpose, the anti-SLAPP statute is to be

---

[3] Miller also asserts that the trial court erred in considering evidence offered by Flemate in support of the anti-SLAPP motion, namely evidence showing that Miller had been disbarred as an attorney in the state of California and evidence showing that Miller had violated Rule of Professional Conduct 3-300. We will not address Miller's evidentiary claims. We have applied the de novo standard of review to the trial court's ruling on the anti-SLAPP motion, and in reaching our holding we did not consider the evidence Miller contests. Review of Miller's evidentiary claims therefore is unnecessary.

3

construed broadly." (*Ramona Unified School Dist. v. Tsiknas* (2005) 135 Cal.App.4th 510, 518.)

The anti-SLAPP statute provides, in pertinent part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

"The statute thus mandates a two-step analysis. The first step is to determine whether the moving party has shown that the targeted cause of action arises from conduct protected by the statute. [Citation.] If the answer is yes, the court considers whether the plaintiff has established the requisite probability of success." [Citation.]" (*Old Republic Construction Program Group v. Boccardo Law Firm, Inc.* (2014) 230 Cal.App.4th 859, 866.)

For the first step of the analysis, protected conduct "includes communicative conduct such as the filing, funding, and prosecution of a civil action." (*Rusheen, supra,* 37 Cal.4th at p. 1056.) "This includes qualifying acts committed by attorneys in representing clients in litigation." (*Ibid.*)

For the second step of the analysis, a plaintiff establishes a probability of prevailing on the claim if he or she " 'has stated and substantiated a legally sufficient claim.' " (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123.) "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 (*Wilson*).)

"Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, italics omitted.) A court should grant an anti-SLAPP motion "if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson, supra,* 28 Cal.4th at p. 821.)

## II. *Standard of Review*

"Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider 'the pleadings, and supporting and opposing affidavits upon which the liability or defense is based.' [Citation.] However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

## III. *The Trial Court Did Not Err in Granting the Anti-SLAPP Motion*

Here, we are not concerned with the first prong of the anti-SLAPP statute—Miller concedes that Flemate's conduct was protected petitioning activity. Thus, the issue is whether Miller met his burden on the second prong of the anti-SLAPP statute. We therefore must determine whether Miller established the requisite probability of success on his malicious prosecution claim.

### A. *The Elements of Malicious Prosecution*

Courts have long recognized that the malicious prosecution tort "has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court." (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872.) As a consequence, the malicious prosecution tort

5

"has traditionally been regarded as a disfavored cause of action." (*Ibid.*) The elements of the malicious prosecution tort "have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim." (*Ibid.*)

"To establish a cause of action for malicious prosecution, a plaintiff must prove that the underlying action was (1) terminated in the plaintiff's favor, (2) prosecuted without probable cause, and (3) initiated with malice." (*Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 333.)

Here, Flemate concedes that the underlying action was terminated in Miller's favor. We thus turn to the second element of the malicious prosecution tort. As explained below, Miller cannot show that the underlying action was prosecuted without probable cause, and he therefore has failed to show the requisite probability of success on his malicious prosecution claim.

**B.** ***Miller Failed to Show a Probability of Prevailing on his Malicious Prosecution Claim***

"The presence or absence of probable cause is viewed under an objective standard applied to the facts upon which the defendant acted in prosecuting the prior case." (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1018 (*Paiva*).) "The test of determining probable cause is whether any reasonable attorney would have thought the claim to be tenable." (*Ibid.*) Under this test, "probable cause to bring an action does not depend upon it being meritorious, as such, but upon it being *arguably tenable,* i.e., not so completely lacking in apparent merit that no reasonable attorney would have thought the claim tenable." (*Wilson, supra,* 28 Cal.4th at p. 824, italics in original.)

"Under established law, certain nonfinal rulings on the merits may serve as the basis for concluding that there was probable cause for prosecuting the underlying case on which a subsequent malicious prosecution action is based." (*Paiva, supra,* 168

Cal.App.4th at p. 1020.)  This principle "is based upon the notion that '[c]laims that have succeeded at a hearing on the merits . . . are not so lacking in potential merit that a reasonable attorney or litigant would necessarily have recognized their frivolousness." (*Ibid.*)  "Denial of a defense summary judgment motion on grounds that a triable issue exists, or of a nonsuit, while falling short of a determination of the merits, establishes that the plaintiff has substantiated, or can substantiate, the elements of his or her cause of action with evidence that, if believed, would justify a favorable verdict."  (*Wilson, supra,* 28 Cal.4th at p. 824.)  Accordingly, denial of a summary judgment motion "normally establishes there was probable cause to sue, thus barring a later malicious prosecution suit."  (*Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 384.)  Likewise, denial of a motion for nonsuit may establish probable cause and act as a bar to a later malicious prosecution action.  (*Yee v. Cheung* (2013) 220 Cal.App.4th 184, 201; see also *Wilson, supra,* 28 Cal.4th at p. 824.)

Where more than one claim is advanced in the underlying action, each claim must be based on probable cause.  "Thus, the rule is that a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause . . . ."  (*Citi-Wide Preferred Couriers, Inc. v. Golden Eagle Ins. Corp.* (2003) 114 Cal.App.4th 906, 913.)

Here, we conclude that the three claims in the underlying action—breach of contract, professional negligence, and breach of fiduciary duty—were prosecuted with probable cause.  Miller made three motions for nonsuit at the trial on the underlying action.  The first motion challenged the breach of contract claim, the second motion challenged the professional negligence and breach of fiduciary duty claims, and the third motion also challenged the professional negligence and breach of fiduciary duty claims. The trial court denied all three of Miller's motions for nonsuit.  The trial court's denial of the nonsuit motions showed that a reasonable attorney would think the claims in the

7

underlying action were tenable. (See generally *Diesel Electric Sales & Service, Inc. v. Marco Marine San Diego, Inc.* (1993) 16 Cal.App.4th 202, 211 [a motion for nonsuit must be denied "if the plaintiff's evidence, when viewed most favorably to the plaintiff, constitutes substantial evidence in support of a jury verdict in favor of the plaintiff"].) We therefore believe the trial court's denial of the nonsuit motions showed the underlying action was prosecuted with probable cause. Miller makes no argument to convince us otherwise.

Miller contends that the denial of the nonsuit motions did not establish probable cause because the nonsuit motions "did not address the viability of [the] causes of action for professional negligence [and] breach of fiduciary duty." In support of his argument, he asserts that the nonsuit motions regarding professional negligence and breach of fiduciary duty were confined to the procedural issues of standing and the statute of limitations. Miller's argument is unpersuasive. It is true that the captions for the nonsuit motions regarding professional negligence and breach of fiduciary duty referenced standing and the statute of limitations. The argument contained in those nonsuit motions, however, actually challenged the sufficiency of the evidence supporting the claims for professional negligence and breach of fiduciary duty.[4] Thus, contrary to Miller's assertion, the nonsuit motions addressed the substantive merits of the claims for professional negligence and breach of fiduciary duty. We therefore are not persuaded by Miller's assertion that the denial of the nonsuit motions failed to demonstrate probable cause.

---

[4] In particular, the nonsuit motions regarding professional negligence and breach of fiduciary duty asserted: existence of an attorney-client relationship is an element of attorney malpractice, the evidence failed to show that Miller acted as Martin Castaneda's attorney, the evidence showed that Miller's attorney-client relationship with Antonio Castaneda became adverse and thus terminated without Miller's formal withdrawal as counsel, and the evidence showed that Miller did not engage in continuous representation of the Castanedas.

Accordingly, for the foregoing reasons, we conclude that Miller cannot show the underlying action was prosecuted without probable case. He therefore has failed to establish a probability of prevailing on his malicious prosecution claim. Because Miller failed to show the requisite probability of success, the trial court did not err in granting Flemate's anti-SLAPP motion.

## DISPOSITION

The order striking the complaint is affirmed.

9

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

10