Filed 12/6/23  Delaney v. Delaney CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VIVIANE DELANEY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> TIMOTHY DELANEY et al., <br><br> Defendants and Respondents. | 2d Civ. No. B320436 <br> (Cons. w/ B321820) <br> (Super. Ct. No. 21CV03600) <br> (Santa Barbara County) |

Viviane Delaney appeals the granting of special motions to strike her complaint for malicious prosecution pursuant to the anti-SLAPP statute (Code Civ. Proc.,[1] § 425.16).  Viviane[2] sued respondents—her ex-husband Timothy Delaney and his former attorneys—for malicious prosecution after their prior action against her for emotional distress was voluntarily dismissed with

---

[1] Unless otherwise stated, all section references are to the Code of Civil Procedure.

[2] We refer to Viviane and Timothy Delaney by their first names for clarity and convenience.

prejudice.  Viviane also appeals an award of attorney fees to Timothy as the prevailing party.  (§ 425.16, subd. (c).)

We agree with Viviane that the trial court erred in granting both anti-SLAPP motions on the ground that her anti-SLAPP motion in the prior action was denied.  We exercise our discretion to decide the motions in the first instance and conclude that Viviane has made the requisite prima facie showing of minimal merit to support her malicious prosecution claim.  Accordingly, we shall reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, Viviane recorded a cellphone video of her and Timothy's five-year-old son suggesting that Timothy had sexually abused him.  She provided the video to health care providers who are mandated reporters.  Timothy was arrested that same day but no charges were filed.

Following his arrest, Timothy retained attorney Paul A. Pettine, III (Pettine) and Pettine's law firm Wilson & Pettine, LLP (collectively W&P) to represent him.  On Timothy's behalf, W&P filed a petition for dissolution of his marriage to Viviane. In May 2018, W&P also filed a complaint against Viviane for emotional distress (the underlying action) alleging that she "caused" the cell phone video "to be delivered" to mandated reporters with the intent that the videos would be reported to authorities.  W&P further alleged that Viviane "knew that the alleged acts of sexual abuse . . . did not occur and that the allegations that [Timothy] sexually abused the Minor Child were untrue, but [Viviane] intentionally pursued the course of action in order to obtain custody of Minor Child and take the Minor Child to Roseville, CA, where . . . [Viviane] had accepted employment requiring her to move to Roseville."

2

Viviane's anti-SLAPP motion to strike the underlying action was denied in February 2019 and the trial court overruled her demurrer to the complaint. Shortly thereafter, Timothy substituted in new counsel, William Poulis, to replace W&P.[3] Timothy dismissed the underlying action with prejudice in September 2019.

In September 2021, Viviane filed the instant action against respondents alleging causes of action for malicious prosecution, intentional and negligent infliction of emotional distress, and abuse of process. The operative complaint alleged among other things that respondents lacked probable cause to sue Viviane for emotional distress, and did so with malice, because Timothy and W&P had reviewed and had knowledge that video surveillance from the family's residence showed an interaction between Timothy and the child that "closely aligns with the reported statements made by the minor child to Viviane, which Viviane had recorded and reported due to their troubling nature."

In opposing respondents' anti-SLAPP motions to strike her complaint, Viviane requested judicial notice of various court documents. One such document was the July 2021 trial brief W&P filed in an action it brought against Timothy for the payment of attorney fees (W&P's trial brief). W&P's trial brief, which is signed by Pettine, states among other things that "[w]hile WP believed that the child's allegations were created by [Viviane] in an effort to gain primary child custody and to relocate the child to the Sacramento area, the home surveillance video dispelled that theory . . . . [¶] Approximately ten (10) days before [Viviane's] car videoing of the minor child describing

_____

[3] Poulis, who was also named as a defendant in Viviane's claim for malicious prosecution, filed an answer to her complaint and is not a party to this appeal.

3

molestation, the . . . home video surveillance system showed [Timothy] performing an act eerily similar to the act the minor child described in [Viviane's] car videoing of the minor child. It showed [Timothy] inappropriately licking his fingers and rubbing/sticking a finger around/in the child's exposed annus."

W&P stated that when Timothy was confronted with the video, he claimed he "had no memory of the act and could not confirm that such acts had not happened before or since that video." W&P added that the video had not been seen by the child custody evaluator, and the family law court was also unaware of it when it issued its custody order. W&P suggested that Timothy had only avoided criminal prosecution for sexually assaulting his son because "no one else appeared to" have reviewed all of the home video surveillance tapes—"not the police department, the district attorney's office, the Family Law Court appointed child custody evaluator, and not [Viviane's] family law attorney."

Viviane also offered a November 5, 2021 declaration from Brian Godlis that she filed in the family law proceedings. Godlis, who owns a computer support company, was previously retained by respondents in 2017 to review the home surveillance videos recorded over a 25-day period of time before and after Viviane's cell phone video of the child's report of abuse. Godlis's declaration refers to a spreadsheet "describing what was depicted on each clip," which includes a May 13, 2016 clip he described as depicting an "odd" incident in which "dad wets his finger and does something to son's butt crack, has son's arms pinned." Godlis highlighted this clip on the spreadsheet as "Important." Godlis also declares under penalty of perjury that in May 2017 he gave copies of the video clip and spreadsheet—the latter of which is attached to the declaration as Exhibit A—to both W&P and Timothy.

4

Timothy objected to W&P's trial brief as hearsay and asserted that judicial notice cannot be taken "'of the truth of hearsay statements in decisions and court files.' (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.)" Timothy also objected to the spreadsheet attached as Exhibit A to Godlis's declaration on the same ground, but did not object to the declaration itself. W&P objected to Godlis's declaration as inadmissible hearsay and as irrelevant because it post-dates their representation of Timothy. W&P did not raise any evidentiary objections to their July 2021 trial brief in the attorney fees action.

The trial court granted Viviane's request for judicial notice of W&P's trial brief and Godlis's declaration and the attached exhibit, but noted that judicial notice did not "extend to the truth of factual statements set forth in the court records." The trial court overruled Viviane's objections to Timothy's declaration filed in support of his motion, but it did not rule on any other evidentiary objections.

In granting respondents' motions to strike, the trial court reasoned that the denial of Viviane's anti-SLAPP motion in the underlying action conclusively established that respondents had probable cause to bring that action, such that her current claims for malicious prosecution, emotional distress, and abuse of process were barred by the adverse judgment rule. Because the court concluded that Viviane's claims were barred as a matter of law by the prior ruling, it did not decide whether her proffered evidence would otherwise be sufficient to defeat the anti-SLAPP motions. The court subsequently granted Timothy $18,665.15 in attorney fees as the prevailing party pursuant to section 425.16, subdivision (c).

5

## DISCUSSION

Viviane contends the trial court erred in granting respondents' anti-SLAPP motions to strike her cause of action for malicious prosecution because she demonstrated a reasonable probability of prevailing on the merits of that claim.[4] We agree the court erred in granting the motions based on the fact that Viviane's anti-SLAPP motion in the underlying action was denied. Rather than remand for consideration of the remaining issues the parties raised in the anti-SLAPP proceedings, and because the standard of review is de novo, we exercise our discretion to determine, in the first instance, whether the motions should be granted on other grounds raised in the motions and on appeal. (*Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 152 (*Area 55*).) We conclude they should not.

### *General Legal Principles*

"[S]ection 425.16 provides a procedure for the early dismissal of what are commonly known as SLAPP suits (strategic lawsuits against public participation)—litigation of a harassing nature, brought to challenge the exercise of protected free speech rights. The section is thus informally labeled the anti-SLAPP statute." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.)

A special motion to strike under section 425.16 involves a two-step process. The first step requires the defendant to make a prima facie showing that the plaintiff's "cause of action . . . aris[es] from" an act by the defendant "in furtherance of the [defendant's] right of petition or free speech . . . in connection

---

[4] Viviane does not challenge the trial court's order granting the anti-SLAPP motions as to her other causes of action.

with a public issue." (§ 425.16, subd. (b)(1).) If the defendant satisfies the first step, the second step requires the plaintiff to demonstrate a reasonable probability of prevailing on the merits. (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 478.)

To defeat the motion, the plaintiff must show there is admissible evidence that, if credited, would be sufficient to sustain a favorable judgment. "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." *(Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, italics omitted.)

"We review de novo the grant or denial of an anti-SLAPP motion." (*Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 763.) "We therefore engage in the same two-step process that the trial court undertakes in assessing an anti-SLAPP motion." (*Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 962.)

Viviane concedes the first step of the anti-SLAPP statute has been met because the law makes clear that all claims for malicious prosecution arise from constitutionally-protected activity. (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 719.) The second step of the statute has been described "as a 'summary-judgment-like procedure'" in which "[t]he court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] '[C]laims with the requisite minimal merit may proceed.' [Citation.]" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384-

385; *Divine Food & Catering, LLC v. Western Diocese of Armenian Church of North America* (2023) 92 Cal.App.5th 1048, 1063 (*Divine Food & Catering)*.)

In opposing an anti-SLAPP motion, the plaintiff "'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 (*Sweetwater)*.) The court must also assess the opposing evidence. While the court may not weigh the respective evidence, the defendant's evidence will be considered if it defeats the plaintiff's allegations as a matter of law. (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 585.)

Viviane's claim for malicious prosecution requires her to satisfy three elements: "The underlying action must have been: (i) initiated or maintained by, or at the direction of, the defendant, and pursued to a legal termination in favor of the malicious prosecution plaintiff; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." (*Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 775 (*Parrish*).)

### *The Interim Adverse Judgment Rule*

In granting respondents' anti-SLAPP motions, the trial court found Viviane had "no probability of prevailing" on her malicious prosecution claim because the trial court in the underlying action had already determined Timothy's claims had merit when it denied Viviane's anti-SLAPP motion.[5] The court

---

[5] Although the trial court stated Viviane "provides no argument that the denial of the anti-SLAPP motion in the Underlying Action does not fall within [the interim adverse judgment] rule," it overruled her section 425.16, subdivision (b)(3)

8

applied the interim adverse judgment rule, which provides in relevant part that a judgment or verdict in the plaintiff's favor on the merits in the underlying case "'establishes probable cause to bring the underlying action,'" and thus precludes a contrary finding in a subsequent malicious prosecution action. (*Parrish*, *supra*, 3 Cal.5th at p. 776.)

However, in 2005 the legislature amended section 425.16 to eliminate application of the interim adverse judgment rule when the prior adverse ruling was the denial of an anti-SLAPP motion. The amendment was intended to abrogate the contrary holding in *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811. (Assem. Bill No. 1158 (2005-2006 Reg. Sess.) § 1.) Section 425.16, subdivision (b)(3) provides: "If the court determines that the plaintiff has established a probability that the plaintiff will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding." The trial court thus erred in concluding that the denial of Viviane's anti-SLAPP motion in the underlying action precluded her from demonstrating the requisite probability of prevailing on her malicious prosecution claims.

We also reject W&P's assertion that the trial court's overruling of Viviane's demurrer in the underlying action was an interim adverse judgment precluding a showing they lacked probable cause to bring that action. W&P makes no effort to demonstrate how that decision could be construed as a victory on

objection to Timothy's request for judicial notice of that determination. Viviane also raised the same objection in both her opposition to the anti-SLAPP motions and in arguing the motion.

9

the merits.  (*Area 55, supra*, 61 Cal.App.5th at p. 167 [the interim adverse judgment rule requires a showing of an "interim victory on the merits in the prior action"].)  Because the court overruled the demurrer as to the emotional distress claims in the underlying action on the same grounds it denied Viviane's anti-SLAPP motions, that ruling does not qualify as a victory on the merits of those claims.

To the extent respondents also rely on statements the family law judge made at a June 2018 hearing regarding custody of the Delaneys' son, we reach the same conclusion.  The family law judge court stated:  "It is this Court's finding that no child abuse, sexual or otherwise, has been perpetrated by either parent" and that she believed the cell phone video Viviane made "seemed very concocted."  Not only were these statements made after respondents filed the underlying action, but they were not a judgment or decision on the merits; on the contrary, the judge ended the hearing by stating her discussion "was rather amorphous and tentative."

### Statute Of Limitations

W&P also contend that Viviane's claim against them for malicious prosecution is barred by the applicable statute of limitations.  They assert that the claim is subject to the one-year statute of limitations for an act or omission arising from an attorney's performance of professional services (§ 340.6, subd. (a)) rather than the two-year limitations period typically applied in such actions (§ 335.1).  Viviane counters that her claim is governed by the two-year statute.  Although W&P has the better argument on this point, they fail to meet their burden of establishing that the one-year statute of limitations was not tolled as a matter of law, such that Viviane's claim is untimely.

10

Only one published case has held that the two-year statute of limitations applies to claims brought against attorneys for malicious prosecution. (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 676-682, overruled on other grounds by *Lee v. Hanley* (2015) 61 Cal.4th 1225 (*Lee*).) Our Supreme Court has more recently clarified that regardless of how a claim is styled, section 340.6, subdivision (a) applies "when the merits of the claim will necessarily depend on proof that an attorney violated a professional obligation—that is, an obligation the attorney has by virtue of being an attorney—in the course of providing professional services." (*Lee*, at p. 1229, italics omitted.) The Court rejected the view that section 340.6 is limited only to malpractice actions. (*Ibid.*)

Since then, courts have consistently applied the one-year limitations to malicious prosecution claims asserted against attorneys. (E.g., *Garcia v. Rosenberg* (2019) 42 Cal.App.5th 1050, 1060-1061; *Connelly v. Bornstein* (2019) 33 Cal.App.5th 783, 788, 793-795.) "We agree with *Connelly* and *Garcia* that under the rule established by *Lee*, and based on section 340.6's plain language, the statute's limitations period applies to malicious prosecution claims against attorneys who represented a party in the underlying litigation." (*Escamilla v. Vannucci* (Oct. 23, 2023, A166176) __ Cal.App.5th __ [2023 Cal.App.Lexis 878, *13].)

Accordingly, Viviane had to file her action "within one year after [she] discover[ed], or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (§ 340.6, subd. (a).) As the statute of limitations is an affirmative defense, W&P bears the burden of proving Viviane's action is untimely. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005)

11

133 Cal.App.4th 658, 676; *Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 224.)

In determining whether Viviane's evidence survives anti-SLAPP scrutiny, she need only establish her claim has minimal merit and in making that assessment we must draw every legitimate favorable inference from her evidence. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 828, disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68.) It is reasonable to conclude that Viviane did not discover, and should not have discovered, that W&P no longer believed Timothy's contention that the sexual abuse allegations were false until after she had access to W&P's trial brief which could not have been before it was filed on July 8, 2021. Viviane filed her action two months later.

W&P argues Viviane should have known earlier because she had the home surveillance videos and she could have reviewed them herself. This contention creates a factual dispute but does not defeat Viviane's claims as a matter of law. (*Choi v. Sagemark Consulting* (2017) 18 Cal.App.5th 308, 323-324 ["'The resolution of a statute of limitations defense is typically a factual question for the trier of fact'"].)

W&P also argue that Viviane's claim accrued on September 9, 2019, when the underlying action was dismissed. Applying the one-year limitations period, Viviane ordinarily would have had until September 9, 2020 to file her malicious prosecution action. Recognizing that this period was tolled for 178 days due to the pandemic and Emergency Rule 9, Viviane would have had until March 6, 2021 to file her action. She filed it approximately six months later, on September 8, 2021.

We agree with Viviane that her claim accrued when she "discover[ed], or through the use of reasonable diligence should

12

have discovered, the facts constituting the wrongful act or omission." (§ 340.6 subd. (a).) Cases which have criticized the discovery rule's application to malicious prosecution claims predate *Lee* and do not discuss section 340.6 subdivision (a) and are, therefore, not helpful. (*See e.g., Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 43; *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 448.) Instead we determine that, like legal malpractice actions, "section 340.6, subdivision (a) codified the delayed discovery rule" and that it applies where, as here, a malicious prosecution action is brought against an attorney. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 66.)

### *Malicious Prosecution - Lack of Probable Cause*

"The probable cause element of malicious prosecution "'calls on the trial court to make an objective determination of the 'reasonableness' of the defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable" . . . . [Citation.]' [Citation.] 'A claim is unsupported by probable cause only if ""any reasonable attorney would agree [that it is] totally and completely without merit."'" [Citations.] "This rather lenient standard for bringing a civil action reflects 'the important public policy of avoiding the chilling of novel or debatable legal claims.'" [Citation.] The standard safeguards the right of both attorneys and their clients ""to present issues that are arguably correct, even if it is extremely unlikely that they will win."'" [Citation.]' [Citation.]" (*Divine Food & Catering, supra*, 92 Cal.App.5th at p. 1064.) "'A litigant will lack probable cause for his action . . . if he relies upon facts which he has no reasonable cause to believe to be true.'" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292.)

13

In W&P's trial brief in the attorney fee action—to which W&P did not object in the instant action—W&P admitted that after reviewing the home surveillance videos they did not believe Viviane had fabricated the sexual abuse allegations. W&P attempts to undermine this admission with a letter Viviane wrote to the family court judge stating she was "convinced that [Timothy] will never do anything to harm [their son]." W&P contend this letter supported their decision to file the underlying action on Timothy's behalf. In light of W&P's admission, however, Viviane's apparent equivocation merely raises a factual issue and does not refute Viviane's evidence as a matter of law. Therefore, Viviane has demonstrated the minimal merit necessary to show that W&P lacked probable cause to sue her on Timothy's behalf for emotional distress.

Timothy notes that he objected to W&P's brief in its entirety as inadmissible hearsay.[6] The court, however, did not rule on that objection, but rather merely recognized that its grant of judicial notice of the brief did not extend to the truth of any matters asserted therein. Moreover, Timothy did not specify any particular statements or explain why those statements would

---

[6] For the first time on appeal, Timothy also claims that W&P's trial brief and the Godlis declaration—and in particular their references to the home surveillance video clip that purportedly shows Timothy committing an inappropriate act similar to that described by the child in Viviane's cell phone video—cannot be deemed admissible without violating the secondary evidence rule (Evid. Code, § 1521). We agree with Viviane that Timothy forfeited this claim by not raising it below. (*People v. Lucas* (2014) 60 Cal.4th 153, 264-265, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53-54, fn. 19.)

necessarily be excluded at trial as inadmissible hearsay. For example, W&P's trial brief is replete with statements that would likely be admissible against W&P at trial under Evidence Code section 1220.[7] Even if none of those statements could be admitted against Timothy, W&P's trial brief is also admissible for the nonhearsay purpose of demonstrating that Timothy is aware of their allegations against him. Timothy was the defendant in the attorney fee action, and the brief's proof of service reflects service upon him through his attorney. Timothy, however, offered nothing to dispute that he was aware of the brief and its contents, and in particular the allegations relating to the home surveillance video clip.

Moreover, Timothy did not object to the Godlis declaration; he only objected to the spreadsheet attached to the declaration as an exhibit. In *Sweetwater*, *supra*, 6 Cal.5th 931, our Supreme Court addressed the form evidence must take in opposing an anti-SLAPP motion, and whether such evidence would be admissible at a later trial. The court rejected the assertion that affidavits and declarations signed under penalty of perjury are barred from consideration as inadmissible hearsay: "Although affidavits and declarations constitute hearsay when offered for

---

[7] Evidence Code section 1220 states in pertinent part that "[e]vidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity." Although this "exception to the hearsay rule is sometimes referred to as an exception for admissions, the exception is not so limited. [Citation.] Instead, the exception applies to all statements of the party against whom they are offered." (*People v. Rodriguez* (2014) 58 Cal.4th 587, 637.)

15

the truth of their content, section 425.16, subdivision (b)(2) permits their consideration in ruling on a pretrial anti-SLAPP motion. . . . [D]eclarations may be considered, not because they satisfy some other hearsay exception, but because they qualify as declarations or their equivalent under section 2015.5 and can be considered under section 425.16." (*Id.*, at pp. 937, 942.)

The court in *Sweetwater* went on to conclude that "at the second stage of an anti-SLAPP hearing, the court may consider affidavits, declarations, and their equivalents if it is reasonably possible the proffered evidence set out in those statements will be admissible at trial. Conversely, if the evidence relied upon cannot be admitted at trial, because it is categorically barred or undisputed factual [assertions] show inadmissibility, the court may not consider it in the face of an objection. If an evidentiary objection is made, the plaintiff may attempt to cure the asserted defect or demonstrate the defect is curable." (*Id.* at p. 949, italics omitted.)

Although the Goldis declaration was prepared for the family court proceedings, Goldis signed the declaration under penalty of perjury. The declaration thus meets the requirements of section 2015.5 and can be considered in adjudicating the motions to strike under section 425.16. Moreover, we conclude it is reasonably possible that the evidence Timothy was aware of what Godlis had observed on the video (or at least how Godlis had described it) will be admissible at trial. Godlis declared under penalty of perjury that he gave both Timothy and W&P copies of the home video surveillance clip as well as the spreadsheet describing the incident he observed. W&P's trial brief and the Godlis declaration thus both support an inference that Timothy knew or should have known there was video evidence (or at least an allegation that such evidence existed)

16

that tended to corroborate Viviane's sexual abuse allegations when he filed the underlying action and alleged Viviane "knew that the alleged acts of sexual abuse . . . did not occur and that the allegations that [Timothy] sexually abused the Minor Child were untrue."

Timothy notes that the second Godlis declaration—which Timothy filed in reply to Viviane's opposition to his anti-SLAPP motion—also explains that while the spreadsheet did include the described notation of the "odd" video clip, the notation "[did] not necessarily reflect my opinion of the video" and that after he later viewed the same video clip "approximately 100 times" he reached the opinion that "Mr. Delaney was not sexually molesting his son."  Godlis also stated that he expressed this opinion to Timothy "at various times throughout 2017 and 2018."  This second Godlis declaration merely creates an issue of fact and does not, as a matter of law, defeat Viviane's evidence.  Accordingly, Viviane has met the minimal merit standard of showing Timothy lacked probable cause in bringing the underlying action.

### Malicious Prosecution - Malice

"'The "malice" element . . . relates to the subjective intent or purpose with which the defendant acted in initiating the prior action.  [Citation.]  The motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose.  [Citation.]  The plaintiff must plead and prove actual ill will or some improper ulterior motive.'  [Citations.]  Malice 'may range anywhere from open hostility to indifference.  [Citations.]  Malice may also be inferred from the facts establishing lack of probable cause.'"  (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 292.)  "Since parties rarely admit an improper motive, malice is usually proven by

17

circumstantial evidence and inferences drawn from the evidence." (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 218.)

Viviane's evidence indicates that W&P filed and prosecuted an action alleging Viviane falsely accused Timothy of sexually molesting their son even though W&P believed there was evidence, the home surveillance video, that supported Viviane's allegations. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 881 ["evidence that the defendant attorney did not subjectively believe that the action was tenable would clearly be relevant to the question of malice"].) This evidence is sufficient to demonstrate the minimal merit necessary to defeat W&P's anti-SLAPP motion on the issue of malice. W&P countered with a declaration from Pettine stating that he did not have any malice toward Viviane in filing and prosecuting the underlying action while representing Timothy. Once again, this evidence creates a factual issue but does not defeat Viviene's evidence as a matter of law.

Viviane has also made a prima facie showing that Timothy filed the underlying action aware that the home surveillance video showed him engaging in conduct similar to what his son described in the video that Viviane recorded on her cell phone. Timothy relies on Godlis's second declaration to refute any malice, but this evidence merely creates a disputed factual issue and does not defeat Viviane's claim as a matter of law.

The underlying action was filed and prosecuted at the same time Timothy and Viviane were engaged in a custody dispute in the family law case regarding their son. Viviane contends it is not a coincidence that the underlying action was filed only a few days before trial in the family law case was scheduled to begin. In light of evidence supporting the lack of probable cause, it is

18

reasonable to infer respondents brought the action for purposes unrelated to the merits and instead their intent was to force Viviane to defend herself, incur litigation costs and to gain some advantage in the family law proceeding. We find Viviane made a prima facie showing sufficient to establish malice for the limited purpose of defeating both motions to strike.

### *Malicious Prosecution - Favorable Termination*

"A voluntary dismissal is presumed to be a favorable termination on the merits, unless otherwise proved to a jury." (*Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1400.) "A voluntary dismissal of the prior suit by the plaintiff—not resulting from a settlement—will, in general, constitute a favorable termination. [Citation.] '[A] voluntary dismissal, even one without prejudice, may be a favorable termination which will support an action for malicious prosecution. [Citation.] "In most cases, a voluntary unilateral dismissal is considered a termination in favor of the defendant in the underlying action . . . ." [Citations.]' [Citation.] In many instances the dismissal 'may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits.' [Citation.] But "'[i]t is not enough . . . merely to show that the proceeding was dismissed." [Citation.] The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits. [Citations.]'" (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 205.)

Timothy filed a declaration with his motion to strike explaining that he dismissed the underlying because he "was concerned about the impact such a trial would have on our son. . . . I was also concerned about the costs associated with the trial and decided the best course of action was to dismiss the case." Timothy's explanation once again creates an issue of fact and

19

does not defeat the presumption in favor of Viviane as a matter of law, especially in light of her prima facie showing that he and W&P lacked probable cause and acted with malice. "Where, as here, the previously suing parties voluntarily dismissed the malicious prosecution plaintiff without prejudice, the dismissal is presumed to reflect the plaintiff's innocence. . . . This presumption is rebuttable, but whether it has been rebutted is a question of fact." (*Gruber v. Gruber* (2020) 48 Cal.App.5th 529, 538.)[8]

### *Attorney - Client Privilege*

W&P contend both below and on appeal that Viviane's claim against them for malicious prosecution should be dismissed because they "cannot fully explain the representation of their client without a waiver [of the attorney-client privilege] and would be forced either to defend this lawsuit with the equivalent of having one hand tied behind their backs or by disclosing the inviolate confidence of their client."

Whether W&P will be hampered in defending against Viviane's claims remains to be seen. "Further, although a case may be dismissed on the ground that the attorney-client privilege prevents an attorney-defendant from presenting an adequate defense, the trial court must first conduct an evidentiary hearing to 'determine whether it is able to effectively use "ad hoc measures from [its] equitable arsenal," including techniques such as "sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings," so

---

[8] We deny Viviane's request for judicial notice of a juvenile custody order filed after the underlying action was dismissed because our consideration of that document is not necessary to our resolution the appeal.

20

as to permit the action to proceed.'" (*Rickley v. Goodfriend* (2013) 212 Cal.App.4th 1136, 1165-1166 *citing Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 793; see also *General Dynamics Corp. v. Superior Court* (1994) 7 Cal.4th 1164, 1190 ["[W]hether the privilege serves as a bar to the plaintiff's recovery will be litigated and determined in the context of motions for protective orders or to compel further discovery responses, as well as at the time of a motion for summary judgment"].)

We decline to find at this early stage of the case that the attorney-client privilege will hamper W&P's defense such that dismissal is required.

### *Attorney Fees*

Because we are reversing the order granting respondents Anti-SLAPP motions as to Viviane's claims for malicious prosecution, the order awarding Timothy attorney fees as the prevailing party must also be reversed. (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1123.) "On remand, the trial court must exercise its discretion in determining the appropriate amount of fees and costs, if any, to which these defendants are entitled." (*Ibid.*)

## DISPOSITION

The order granting respondents' respective anti-SLAPP motions (§ 425.16) as to appellant's cause of action against them for malicious prosecution is vacated and the judgment related thereto is reversed. On remand following issuance of the remittitur, the superior court is directed to enter an order denying respondents' special motions to strike the cause of action for malicious prosecution in appellant's first amended complaint.

The order granting Timothy $18,765.15 in attorney fees and costs as the prevailing party under section 425.16,

21

subdivision (c) is vacated.  On remand, the superior court is directed to conduct further proceedings consistent with this decision and determine the appropriate amount of fees and costs, if any, to which Timothy is entitled.  Appellant shall recover her costs on appeal.

NOT TO BE PUBLISHED.



CODY, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Thomas P. Anderle, Judge
Superior Court County of Santa Barbara

_____


 Rothschild & Alwill, Kristi D. Rothschild; Benedon & Serlin, Gerald M. Serlin and Wendy S. Albers, for Plaintiff and Appellant.

 Thyne Taylor Fox Howard, Larry L. Taylor, for Defendant and Respondent Timothy Delaney.

 Klinedinst, Heather L. Rosing & David M. Majchrzak, for Defendants and Respondents Wilson & Pettine, LLP and Paul A. Pettine, III.